# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WILLIAMS,<br><br>   *Plaintiff*,<br><br>  v.<br><br>EXECUTIVE OFFICE FOR U.S. ATTORNEYS,<br><br>   *Defendant*. | No. 18-cv-0019 (DLF) |

## MEMORANDUM OPINION AND ORDER

  Plaintiff David Williams, proceeding *pro se*, challenges the response of the Executive Office for United States Attorneys (EOUSA) to his request for records under the Freedom of Information Act (FOIA). Williams moved for summary judgment, arguing that EOUSA "never" responded to his request or justified any withholdings. *See* Pl.'s Mot. for Summ. J. ¶ 4, Dkt. 9; *see also id.* ¶¶ 5–7. EOUSA has since processed Williams's FOIA request, released records, and moved for summary judgment. *See* Def.'s Mot. for Summ. J., Dkt. 18; *see also* Pl.'s Opp'n at 1, Dkt. 21. Williams opposed the motion, *see* Pl.'s Opp'n, and EOUSA failed to file a reply. Williams then filed a Motion for Order to Show Cause, arguing that it was "unclear" whether EOUSA filed a reply and that, if it did not file a reply, it should be ordered to show cause why Williams should not be granted relief, Pl.'s Mot. for Order to Show Cause at 1, Dkt. 22; *see also id.* at 2. For the reasons that follow, the Court will deny Williams's initial motion as moot, grant in part and deny in part without prejudice EOUSA's motion, and deny Williams's show cause motion.

I.  **BACKGROUND**

On May 23, 2007, a grand jury in the Middle District of Florida indicted Williams and his mother for mail fraud and other crimes. *United States v. Williams*, No. 06-cr-0075, 2007 WL 2021963, at *1 & n.1 (M.D. Fla. July 11, 2007). In a FOIA request dated March 10, 2016, Williams sought the following five categories of records related to his criminal case: (1) all "*Brady* material"; (2) all "Jencks [Act] material"; (3) all "*Giglio* material";[1] (4) "[a]ny and all other reports, files, and documents that are permitted to be released by law"; and (5) "Grand Jury minutes (transcript(s))." Decl. of Tricia Francis Attach. A at 1, Dkt. 18-1 (italics added). On May 16, 2016, EOUSA forwarded Williams's request to its FOIA contact in the United States Attorney's Office for the Middle District of Florida. *Id.* ¶ 7. Two days later, on May 18, EOUSA sent a letter to Williams acknowledging the request. *Id.* Attach. B. It completed processing the request in December of 2017, *see id.* ¶¶ 13, 15, but because of "an administrative oversight," it did not mail the prepared release packet to Williams until September of 2018, *id.* ¶ 15.

Williams filed this lawsuit on January 4, 2018, Pl.'s Compl., Dkt. 1, and moved for summary judgment on July 3, Pl.'s Mot. for Summ. J. EOUSA then mailed the release packet to Williams in September and informed him that 528 pages were released in full, 30 pages were released in part, and 249 pages were withheld in full. Francis Decl. Attach. C. at 1. It also explained that several of the requested documents were sealed or related to grand jury proceedings, and it cited FOIA exemptions 3, 5, 6, 7(C) and 7(D),[2] codified in 5 U.S.C. § 552(b),

---

[1] *See* 18 U.S.C. § 3500 (Jencks Act); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 273 U.S. 83 (1963).

[2] Despite this initial citation, EOUSA has not mentioned, much less invoked, exemption 7(D) in its briefing before this Court.

2

as the bases for the remaining withholdings. *Id.* Attach. C at 1–2. In November, EOUSA moved for summary judgment. *See* Def.'s Mot. for Summ. J.

## II.    LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure mandates that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, all facts and inferences must be viewed in the light most favorable to the requester, and the agency bears the burden of showing that it complied with FOIA. *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009).

To prevail under Rule 56, a federal agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982) (per curiam) (internal quotation marks omitted). The agency "must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents," *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks omitted), and must also explain why any of the nine enumerated exemptions listed in 5 U.S.C. § 552(b) applies to withheld information, *Judicial Watch v. FDA*, 449 F.3d 141, 147 (D.C. Cir. 2006); *see also DOJ v. Julian*, 486 U.S. 1, 8 (1988) ("A federal agency must disclose agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b).").

"The peculiarities inherent in FOIA litigation, with the responding agencies often in sole possession of requested records and with information searches conducted only by agency personnel, have led federal courts to rely on government affidavits to determine whether the statutory obligations of the FOIA have been met." *Perry*, 684 F.2d at 126. Thus, "[i]n FOIA

cases, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Judicial Watch v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (alteration adopted and internal quotation marks omitted). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted).

## III.    ANALYSIS

As a threshold matter, the Court denies as moot Williams's initial motion for summary judgment. EOUSA had not responded to Williams's FOIA request when he filed the motion, and the motion took issue with the agency's failure to disclose any documents at all, *see* Pl.'s Mot. for Summ. J. at 3. Those arguments no longer apply now that EOUSA has responded to his request.

The Court divides its analysis of EOUSA's motion in three parts. First, it considers Williams's argument that, although EOUSA released an exhibit list, it withheld the trial exhibits themselves without providing an adequate justification. Pl.'s Opp'n at 1. Second, it considers Williams's argument that EOUSA failed to release *Brady*, *Giglio*, and Jencks Act material and failed to justify its withholding of that material. *Id*. at 1–2. Finally, the Court considers each of EOUSA's asserted bases for withholding materials responsive to Williams's request.[3]

---

[3] Williams does not challenge the adequacy of the search, and the Court is independently satisfied that EOUSA "conducted a search reasonably calculated to uncover all relevant documents." *Weisberg*, 705 F.2d at 1351 (internal quotation marks omitted). Because the U.S. Attorney's Office for the Middle District of Florida prosecuted Williams, EOUSA sent his FOIA

### A. The Trial Exhibits

Williams faults EOUSA for withholding without explanation the trial exhibits described in the exhibit list he received. Pl.'s Opp'n at 1, 3–5. Although the FOIA contact confirmed that "233 pages of trial exhibits" were retrieved following the "original search of Williams' criminal case file," Hoobler Decl. ¶ 9, EOUSA neither accounted for those exhibits in its opening brief nor addressed Williams's argument in a reply brief.[4] Because the Court lacks sufficient information to determine whether the undisclosed exhibits constitute a withholding, much less an improper withholding, it denies EOUSA's motion without prejudice as to those documents. EOUSA must supplement the record and, if warranted, release any additional responsive documents.

Williams urges the Court to "order that the [e]xhibits be released," Pl.'s Opp'n at 5, but a FOIA requester is not entitled to agency documents simply because the agency failed to satisfy its burden to obtain summary judgment. Instead, it is appropriate to require the agency to provide the necessary information to permit the Court to determine whether FOIA requires the release of the documents. *See DeBrew v. Atwood*, 792 F.3d 118, 122 (D.C. Cir. 2015) ("On remand, the district court may order the BOP to submit a reasonably detailed affidavit upon which the reasonableness of its search can be judged." (alteration adopted and internal quotation

---

request to the FOIA contact for that Office. Francis Decl. ¶ 7. Another representative of the Office then conducted a search of the Office's case management and tracking database and located Williams's criminal case file. Decl. of Megan D. Hoobler ¶¶ 5, 9, Dkt. 18-2. The documents in that file were considered responsive to Williams's request.

[4] Also pending is Williams's motion to compel EOUSA to show cause why relief should not be granted either for failing to file a reply or for failing to serve him with a reply. Pl.'s Mot. for Order to Show Cause. But Williams was not served because EOUSA did not file a reply. And Williams is not entitled to relief on that ground because EOUSA was never obligated to file a reply in the first place. Movants have the option, but not the obligation, to file a reply.

marks omitted)); *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) ("On remand, the CIA must expand its description of the search it conducted."); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (similar).

### B. The *Brady*, *Giglio*, and Jencks Act Material

Williams argues that EOUSA must identify specific documents that qualify as *Brady*, *Giglio,* or Jencks Act material and either release those documents or justify its decision to withhold them. Pl.'s Opp'n at 7–8. These arguments misunderstand the role of FOIA. "FOIA is neither a substitute for criminal discovery, nor an appropriate means to vindicate discovery abuses." *Williams & Connolly v. SEC*, 662 F.3d 1240, 1245 (D.C. Cir. 2011) (citation omitted). EOUSA is under no obligation to identify documents as *Brady*, *Giglio*, or Jencks Act material subject to disclosure during a criminal trial. Nor can this Court "check to see if [EOUSA] identifie[d] any responsive *Brady*, *Giglio*, or Jencks [Act] material withheld." Pl.'s Opp'n at 8 (italics added). In a FOIA action, courts "may only look to whether an agency has (1) improperly (2) withheld (3) agency records"; they may not "make findings of fact and law" on matters related to a criminal prosecution. *Sanders v. Obama*, 729 F. Supp. 2d 148, 158 (D.D.C. 2010), *aff'd*, No. 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011).

Of course, Williams may, as he did here, request "all . . . reports, files, and documents that are permitted to be released by law related to [his] case." Francis Decl. Attach. A at 1. That request presumably includes any *Brady*, *Giglio*, or Jencks Act material the government may have, but it does not require EOUSA to identify the materials as such. The Court therefore turns to whether EOUSA complied with its FOIA obligations when processing documents responsive to that broader request.

### C. The Applicability of the Asserted Exemptions and Other FOIA Exceptions

The Court considers in turn each of EOUSA's asserted bases for withholding responsive documents. EOUSA is not entitled to summary judgment as to the sealed materials, the grand jury materials withheld under exemption 3 and Federal Rule of Criminal Procedure 6(e), or the documents withheld in full under exemptions 6 and 7(C). But the Court concludes that EOUSA is entitled to summary judgment with respect to the remaining documents.

1. *The Sealed Records*

The FOIA contact located 10 pages of sealed records, which "were retained by the [U.S. Attorney's Office] and were not reviewed by EOUSA." *Id.* ¶ 19. EOUSA conclusively states that these records were not released because "an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure." *Id.* Under the law of this Circuit, however, "the mere existence of a court seal is, without more, insufficient to justify nondisclosure under the FOIA." *Morgan v. DOJ*, 923 F.2d 195, 199 (D.C. Cir. 1991). "[T]he proper test for determining whether an agency improperly withholds records under seal is whether the seal, like an injunction, *prohibits* the agency from disclosing the records." *Id.* at 197. "That test requires [courts] to examine (1) any explicit sealing order from the [issuing] court, if there is one; (2) extrinsic evidence about the intended scope of a purported sealing order; (3) orders of the same court in similar circumstances; and (4) the issuing court's general rules or procedures." *Judicial Watch v. DOJ*, 813 F.3d 380, 383 (D.C. Cir. 2016). The government has not satisfied its burden to prove that a court order prohibits the disclosure of the sealed records. *See id.* The Court will therefore deny EOUSA's motion without prejudice as to those records.

2. *Exemption 3 and Rule 6(e)*

FOIA exemption 3 protects information that is "specifically exempted from disclosure by [another] statute" if that statute "requires that the [information] be withheld from the public in such a manner as to leave no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of [information] to be withheld." 5 U.S.C. § 552(b)(3). And Rule 6(e), which "qualifies as [a statute] under FOIA," *Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204, 206 (D.C. Cir. 2015), generally prohibits government attorneys and other listed "persons" from "disclos[ing] a matter occurring before the grand jury," Fed. R. Crim. P. 6(e)(2)(B).[5] "Hence, information related to a grand jury matter may be withheld under exemption 3 if the disclosed material would tend to reveal some secret aspect of the grand jury's investigation." *Murphy*, 789 F.3d at 206 (internal quotation marks omitted). Those aspects include "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of Puerto Rico v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987) (internal quotation marks omitted).

But Rule 6(e) does not "draw[] a veil of secrecy over all matters occurring in the world that happen to be investigated by a grand jury." *Lopez v. DOJ*, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (alteration adopted and internal quotation marks omitted). "The disclosure of information coincidentally before the grand jury [that] can be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury is not prohibited." *Senate of Puerto Rico*, 823 F.2d at 582 (alteration adopted and internal quotation marks omitted). And it is the agency, here, EOUSA, that bears the burden of establishing that disclosing the withheld

---

[5] The few explicit exceptions to Rule 6(e)'s secrecy requirement do not apply here, and Williams does not argue otherwise.

8

information would "elucidate the inner workings of the grand jury." *Id.* (internal quotation marks omitted); *see also id.* at 579 n.9

EOUSA applied exemption 3 to "approximately 148 pages of grand jury material," which were "retained" by the U.S. Attorney's Office. Francis Decl. ¶ 23. EOUSA did not conduct "a page-by page analysis" of that material because, according to the agency, "any disclosure of documents from within the grand jury materials would impermissibly reveal the scope and inner workings of the grand jury investigation." Francis Decl. ¶ 23. EOUSA explained in a declaration that the documents "include" the "names and identifying information of witnesses subpoenaed to testify before the grand jury, information identifying specific records subpoenaed during the grand jury process," and "internal memoranda and notes about the strategy and considerations regarding the case," all of which, if disclosed, could "reveal the inner workings and direction of the grand jury" investigation. *Id*. EOUSA also withheld a few pages that "accompanied . . . other materials" it received from the U.S. Attorney's Office because those pages were "gathered during the grand jury process" and their release could "publicly reveal the scope and secret aspects of the grand jury investigation by showing where the Government sought its evidence, the sources of information" relied upon "to develop the facts of its investigation," and "the steps that the Government anticipated taking and actually took in furtherance of the investigation." *Id*.

EOUSA did not satisfy its burden. Its declaration "is not detailed enough for the Court to determine whether disclosure of the . . . record[s] would reveal some secret aspect of the grand jury's investigation or whether the information was simply peripheral to the grand jury investigation." *Boehm v. FBI*, 948 F. Supp. 2d 9, 28 (D.D.C. 2013); *see also Citizens for Responsibility & Ethics in Washington v. DOJ*, 746 F.3d 1082, 1101 (D.C. Cir. 2014)

9

("Although we do not doubt that some of the requested records may fall under Exemption 3, the DOJ has not yet supplied sufficient information for a court to make that determination."). Although EOUSA has listed a few documents withheld under exemption 3 and Rule 6(e) in a *Vaughn* Index,[6] *see* Francis Decl. Attach. D (Bates-numbered pages 031–036), it has not suggested that these documents are representative of the more than 100 pages of documents it withheld. Nor has it argued that the documents it withheld include only the types of information identified in its declaration. The Court will therefore deny summary judgment without prejudice as to the documents withheld under this exemption.

Because EOUSA must provide additional documentation to support its withholding of grand jury materials, the Court does not address Williams's objections to the withholding of "grand jury transcripts of witnesses who[] [had] already testified at his trial." Pl.'s Opp'n at 2. The Court notes, however, that Rule 6(e) generally protects grand jury transcripts. *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981) (Rule 6(e) "encompasses . . . the direct revelation of grand jury transcripts"); *see also Borda v. DOJ, Criminal Div.*, 306 F. Supp. 3d 306, 317 (D.D.C. 2018) ("Grand jury transcripts, moreover, are the prototypical grand jury material exempt from disclosure under Rule 6(e), and are thus protected from disclosure by Exemption 3.").

3. *Exemption 5*

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption "incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant," including the attorney work

---

[6] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

product privilege. *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008) (internal quotation marks omitted). "The attorney work-product prong of Exemption 5 extends to documents and tangible things that are prepared in anticipation of litigation or for trial by an attorney." *Ellis v. DOJ*, 110 F. Supp. 3d 99, 108 (D.D.C. 2015) (alteration adopted and internal quotation marks omitted), *aff'd*, No. 15-5198, 2016 WL 3544816 (D.C. Cir. June 13, 2016). Courts apply a "because of test, asking whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Nat'l Ass'n of Criminal Def. Lawyers v. Exec. Office for U.S. Attorneys*, 844 F.3d 246, 251 (D.C. Cir. 2016) (internal quotation marks omitted). The attorney who created the document "must have had a subjective belief that litigation was a real possibility, and that subjective belief must have been objectively reasonable." *Id.* (internal quotation marks omitted).

EOUSA explained with specificity why it withheld several documents that were prepared by prosecutors "in contemplation of" Williams's prosecution, Francis Decl. ¶¶ 24; *see also id.* ¶¶ 25–26; *id.* Attach. D (Bates-numbered pages 031–037), and Williams has not raised a specific objection to EOUSA's justifications. EOUSA appropriately applied exemption 5.

4.   *Exemption 7(C)*

Exemption 7(C) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "To show that the disputed documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. FBI*,

11

646 F.3d 37, 40 (D.C. Cir. 2011) (internal quotation marks omitted). It is undisputed that the requested records were compiled for Williams's criminal prosecution and thus for a law enforcement purpose.

To determine whether the disclosure of requested information "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7), courts "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (internal quotation marks omitted). The D.C. Circuit has recognized that "the exemption protects the privacy interests of all persons mentioned in law enforcement records, whether they be investigators, suspects, witnesses, or informants," *id.*, because "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity," *Stern v. FBI*, 737 F.2d 84, 91–92 (D.C. Cir. 1984). The D.C. Circuit has also explained that "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on the citizens' right to be informed about what their government is up to." *Sussman*, 494 F.3d at 1115 (internal quotation marks omitted). The balancing of these interests "ordinarily" favors the protection of "law enforcement documents (or portions thereof) that contain private information." *Blackwell*, 646 F.3d at 41. To obtain information that implicates a privacy interest, a FOIA requester "bears the burden of showing (1) that 'the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) that the information [sought] 'is likely to advance that interest.'" *Roth v. DOJ*, 642 F.3d 1161, 1175 (D.C. Cir. 2011) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004)).

EOUSA withheld under exemption 7(C) the names and contact information of individuals "whose identities were not already published on the docket, or in other publicly filed information." Francis Decl. ¶ 28; *see also id.* Attach. D (Bates-numbered pages 001–030, 032–035, 038–044). EOUSA concluded that the release of this information could subject the individuals, who have not consented to any disclosure, *id.* ¶ 30, to "unwanted and even unlawful efforts to gain additional access to the[m] and/or personal information about them" and "harassment, harm, or . . . unwanted and/or derogatory publicity and inferences arising from their connection to the case." *Id*. ¶ 28. It also determined that "the dissemination of [the] information would not help to explain the activities of EOUSA or the government" and thus found no public interest to "counterbalance the privacy rights in the [withheld] information." *Id*. ¶ 29. Williams has not questioned this reasoning. Nor has he satisfied his burden to show that a significant public interest outweighs these individuals' privacy interests.[7]

5. *Segregability*

Before granting summary judgment to an agency, the Court has an "affirmative duty" to determine "*sua sponte*," *Juarez v. DOJ*, 518 F.3d 54, 60 (D.C. Cir. 2008) (internal quotation marks omitted), whether "[a]ny reasonably segregable portion of a record" can "be provided to any person requesting such record after deletion of the portions which are exempt," 5 U.S.C. § 552(b). As discussed, EOUSA properly withheld attorney work product in full, and when "a document is fully protected as work product, . . . segregability is not required." *Judicial Watch v. DOJ*, 432 F.3d 366, 371 (D.C. Cir. 2005). EOUSA is therefore entitled to summary judgment as to Bates numbered documents 031–037. *See* Francis Decl. Attach. D.

---

[7] Because exemption 7(C) applies, the Court does not address the applicability of exemption 6 to the same information. *See Roth*, 642 F.3d at 1173.

However, EOUSA has not shown that the remaining documents withheld in full under exemptions 6 and 7(C) cannot be partially disclosed. EOUSA withheld three affidavits of service (Bates-numbered pages 038–043) and "copies of certified mail labels and receipts" (Bates-numbered page 044). *See* Francis Decl. Attach. D. It is not clear whether the exempt information in these documents is "inextricably intertwined" with the nonexempt information and thus whether redactions are appropriate. *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (internal quotation marks omitted); *see also id.* ("Exemption 7(C) ordinarily permits the Government to withhold only the specific information to which it applies, not the entire page or document in which the information appears; any non-exempt information must be segregated and released . . . ."). As to those documents, the Court denies EOUSA's motion without prejudice.

## Conclusion

For the foregoing reasons, it is

**ORDERED** that Williams's Motion for Summary Judgment is **DENIED** as moot. It is further

**ORDERED** that Williams's Motion for Order to Show Cause is **DENIED**. It is

**ORDERED** that EOUSA's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. It is denied with respect to the undisclosed trial exhibits, the sealed records, the documents withheld under exemption 3 and Rule 6(e), and Bates-numbered documents 038–044. And it is

**ORDERED** that on or before **May 24, 2019**, EOUSA shall supplement the record consistent with this opinion and, if warranted, release any additional responsive records.

March 25, 2019

DABNEY L. FRIEDRICH  
United States District Judge